IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TIUAN J. MOORE, AKA<br>TIVAN JEROME MOORE,<br>　　#23031262,<br>　　　　PETITIONER,<br><br>v.<br><br>STATE OF TEXAS,<br>　　　　RESPONDENT. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | <br><br><br><br><br>CIVIL CASE NO. 3:24-CV-1822-X-BK |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241 was referred to the United States magistrate judge for case management, including the entry of findings and a recommended disposition where appropriate. Upon review of the relevant pleadings and applicable law, the petition should be summarily **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

**I. BACKGROUND**

Petitioner Tiuan J. Moore, a pretrial detainee in the Dallas County Jail, complains of lengthy pretrial incarceration and an excessive bond. Doc. 7 at 2, 5. He is awaiting trial on a grand jury indictment charging him with aggravated assault with a deadly weapon. Doc. 7 at 3; *State v. Moore*, No. F23-17048 (Crim. Dist. Ct. No. 5, Dallas Cnty., Tex.). According to state trial court records available online, of which this Court takes judicial notice, he has court-

appointed counsel on his pending criminal charge.[1]

Moore states that he has been incarcerated since August 2023 (over 13 months) and has not appeared before a judge or talked to his court-appointed counsel. Doc. 7 at 5; Doc. 9 at 2. He contends that (1) the $1,000,000 bond is excessive, (2) he has yet to receive a response to his *pro se* motion to reduce bail, and (3) his court-appointed counsel has filed no motions. Doc. 9 at 2; Doc. 13 at 1. Moore requests "to appear in court" for a hearing and help for those, who like him, are held without a speedy trial for an excessive time. Doc. 7 at 7.

Upon review, the Court finds that Moore has failed to exhaust available state court remedies. Therefore, his petition should be dismissed.

**II. ANALYSIS**

Challenges raised in a pretrial habeas corpus petition are governed by 28 U.S.C. § 2241. *See Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998). A § 2241 habeas petition is subject to summary dismissal if it appears from the face of the petition that the petitioner is not entitled to relief. *See Wottlin v. Fleming*, 136 F.3d 1032, 1034 (5th Cir. 1998) (affirming summary dismissal of § 2241 petition without ordering an answer from respondent); *see also* Rule 4 of the RULES GOVERNING SECTION 2254 CASES (providing for summary dismissal of a habeas petition).[2]

Pretrial habeas relief is available under 28 U.S.C. § 2241(c) to a person "'in custody regardless of whether final judgment has been rendered and regardless of the present status of the

---

[1] The state trial court docket sheet is available at Dallas County | Online Record Search (last accessed Oct. 3, 2024).

[2] Rule 1(b) of the RULES GOVERNING SECTION 2254 CASES renders the 2254 Rules applicable to habeas petitions not covered by § 2254.

case pending against [him].'" *Hartfield v. Osborne*, 808 F.3d 1066, 1071 (5th Cir. 2015) (quoting *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987)). A pretrial detainee, however, must fully exhaust available state remedies before seeking federal habeas relief. *Montano v. Texas*, 867 F.3d 540, 542–43 (5th Cir. 2017) (citing *Dickerson*, 816 F.2d at 225). This entails submitting the factual and legal basis of any claim to the Texas Court of Criminal Appeals. *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993) (citations omitted); *Curtis v. Garza Cnty. Jail*, No. 5:18-CV-205-M-BQ, 2019 WL 5698802, at *2 (N.D. Tex. Oct. 8, 2019), *adopting R. & R.*, 2019 WL 5697895 (N.D. Tex. Nov. 4, 2019). Exceptions exist only "where the available . . . remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." *Montano*, 867 F.3d 542-43 (internal quotations and quoted case omitted).

In the pre-conviction context, a detainee confined after a felony indictment may file an application for writ of habeas corpus pursuant to Article 11.08 of the Texas Code of Criminal Procedure with the judge of the court in which he is indicted. *See* TEX. CODE CRIM. PROC. ANN. ART. 11.08. If the trial court denies habeas relief under Article 11.08, the applicant can take a direct appeal to an intermediate appellate court and then petition for discretionary review by the Texas Court of Criminal Appeals. *See, e.g.*, *Ex parte Twyman*, 716 S.W.2d 951, 952 (Tex. Crim. App. 1986) (citing *Ex parte Payne*, 618 S.W.2d 380, 382 n. 5 (Tex. Crim. App. 1981)); *Curtis*, 2019 WL 5698802, at *2.

Moore has not satisfied the exhaustion requirement, however. A review of his petition confirms that he did not file a state habeas application under Article 11.08 raising his excessive bond, unlawful pretrial detention, and speedy trial claims in the trial court. Further, a search of online state court records reflects that no Article 11.08 state habeas application or appeal was

filed.³  As a result, the Texas Court of Criminal Appeals has not had an opportunity to consider Moore's excessive bond, unlawful pretrial detention, and speedy trial claims; thus, they remain unexhausted.

### III. CONCLUSION

For all these reasons, Moore's habeas corpus petition should be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

**SO RECOMMENDED** on October 4, 2024.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to object to 14 days).

---

³ The Fifth District Court of Appeals and Court of Criminal Appeals case information is available at https://www.txcourts.gov//5thcoa.aspx and https://www.txcourts.gov/cca/ (last accessed Oct. 3 2024).